IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **JEREMY LEE PRATT,** | ) | CA. No. 4:11-cr-00416-TLW |
| | ) | CA. No. 4:13-cv-2631-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Jeremy Lee Pratt ("Petitioner"). (ECF No. 793). Petitioner entered a plea agreement on September 14, 2011, pleading guilty to Count 1 of the Indictment, which charged Petitioner with Conspiracy to Possess With Intent to Distribute and Distribution of 5 Kilograms or More of Cocaine, 280 Grams or More of Cocaine Base, 50 Kilograms or More of Marijuana and a Quantity of Methelenedioxymethamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. (ECF Nos. 2, 348, 391). On January 19, 2012, the District Court sentenced Petitioner to 240 months imprisonment. (ECF No. 568). Petitioner appealed his sentence and on September 7, 2012, the Fourth Circuit affirmed the judgment of the District Court. (ECF No. 721).

Petitioner filed the present § 2255 motion on September 25, 2013, alleging (1) "Actual Innocence of the Sentence Imposed" because the Court, in violation of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), "exceeded [its] authority" when "it sentenced [Petitioner] to uncharged crimes"; and (2) that trial counsel Brown Johnson provided ineffective assistance by failing to object "to anything at sentencing" and by failing to ask the Court to consider granting Petitioner a downward departure for substantial assistance. (ECF Nos. 793, 793-1). Also before the Court are

Petitioner's motion to amend (ECF No. 818) and motion for a free transcript (ECF No. 819). These matters are now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the petitioner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the district court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, this Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

**STANDARD OF REVIEW**

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (ECF Nos. 808, 809). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than rest upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact" because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which the non-moving party has the burden of proof. Id. at 322-23.

**§ 2255 PETITION**

1. **Alleyne**

Petitioner first argues that the District Court erred by finding at sentencing (a) that Petitioner was responsible for 2.03 kilograms of cocaine base and (b) that Petitioner should receive a two

point enhancement for possessing a firearm in connection to his drug activity. As an initial matter, Petitioner was sentenced on January 19, 2012, and Alleyne, which was decided on June 17, 2013, has not been made retroactive on collateral appeal. See Bostic v. United States, 4:13-CV-02134-TLW, 2014 WL 172506 (D.S.C. Jan. 15, 2014). As a result, Alleyne offers Petitioner no relief.

Furthermore, even if Alleyne's holding applied retroactively, Petitioner would still not be eligible for relief. In Alleyne, the Supreme Court held that facts that increase a defendant's *mandatory minimum* sentence must be submitted to the jury or fact-finder because such facts constitute elements of the offense. 133 S.Ct. at 2155. Petitioner was subject to a ten-year mandatory minimum statute based on the drug amounts to which he plead guilty. See 21 U.S.C. § 841(b)(1)(A). This mandatory minimum was not increased based on the Court's finding that Petitioner was responsible for 2.03 kilograms of crack cocaine and that Petitioner used a firearm in relation to a drug crime. (See ECF No. 552 at 92). As a result, Petitioner is entitled to no relief under Alleyne.

2. **Ineffective Assistance**

Petitioner next argues that trial counsel provided ineffective assistance by failing to object "to anything at sentencing" and by failing to ask the Court to consider a downward departure for substantial assistance. To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.  Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689.  The court may bypass the first

inquiry – whether counsel's performance was deficient – if it can more easily dispose of the claim for lack of prejudice. Id. at 697. The Court has reviewed the Petitioner's ineffective assistance claims in light of this authority and, for the reasons outlined below, finds the Petitioner's claims are without merit.

Regarding counsel's alleged failure to object during the Petitioner's sentencing, Petitioner has failed to meet the Strickland standard. Petitioner identifies only one specific issue to which he believes his counsel should have objected: his criminal history category of VI, which Petitioner believes over-represents his criminal history. However, Petitioner was assigned 25 criminal history points based on his criminal record, far more than the 13 needed to qualify for a criminal history category of VI. Petitioner offers no legal basis to challenge the criminal history points he was assigned, and thus Petitioner fails to show that counsel acted unreasonably and that the result would have been different absent counsel's allegedly unprofessional assistance. As a result, Petitioner fails to meet the Strickland standard regarding this claim.

Petitioner has failed to identify any other specific instances where he believes an objection was appropriate. See Vazquez v. Rushton, No. CA 4:06-CV-01302-GRA, 2007 WL 2822430, at *14 (D.S.C. Sept. 26, 2007) (noting that the petitioner's failure to identify the specific questions to which counsel should have objected prevented the court from finding a reasonable probability that counsel's failure to object prejudiced the petitioner). Furthermore, Petitioner fails to show that his counsel's conduct at sentencing constituted unreasonable trial strategy. Thus, Petitioner's ineffective assistance of counsel claims based on general allegations of failure to object do not meet the Strickland standard and are without merit.

Finally, regarding counsel's alleged failure to seek a downward departure at sentencing, Petitioner's claim is also without merit. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if: 1) the government has obligated itself in a plea agreement to move for a departure, or 2) the government's refusal to move

for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. See United States v. Taylor, 1999 WL 30928 at 3 (4th Cir. January 26, 1999) (unpublished) (requiring a substantial threshold showing on the first factor); Wallace, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

Petitioner has not presented evidence that the Government obligated itself to file a motion pursuant to Rule 35(b). To the contrary, Paragraph Ten of the plea agreement specifies that the Government will only move for a downward departure if it deems that the Petitioner provided substantial assistance. (ECF No. 348). Nor has the Petitioner shown – or even alleged – an unconstitutional motive as required to obtain relief under Wallace. Thus, Petitioner fails to show that counsel acted unreasonably in failing to seek a downward departure at sentencing.

Furthermore, in an affidavit submitted to the Court, Petitioner's counsel indicates that prior to sentencing, he engaged in substantial negotiations with the Government to obtain a downward departure. However, the Petitioner's extensive criminal record, history of violence, firearm possession, and lack of employment hindered these negotiations. (ECF No. 807). As a result, the Court finds that Petitioner has failed to show that counsel acted unreasonably and that counsel's conduct prejudiced the Petitioner. Thus, his claim of ineffective assistance of counsel on this ground fails.

**MISCELLANEOUS MOTIONS**

1. **Motion to Amend:**

On April 29, 2014, Petitioner filed a motion to amend his § 2255 filing. (ECF No. 818). The Court has reviewed the claims Petitioner seeks to add to his Petition and finds they are without merit. In the motion, Petitioner argues that the Court should have *sua sponte* considered his cooperation in deciding whether to grant a downward departure. As already addressed, the law permits the Court to move for a departure only if the Government obligated itself to seek a departure or acted with unconstitutional motive in failing to seek a departure. Petitioner has failed to allege either circumstance; thus, this claim is without merit.

Petitioner also argues that his counsel was ineffective for failing to show Petitioner his presentence report ("PSR") before sentencing and for failing to read and discuss the PSR with him. This claim is also without merit. Petitioner indicated at sentencing that he had sufficient time to review the PSR and that he had no objections to its contents. (ECF No. 651 at 2). In addition, the Court reviewed the PSR's guideline provisions with the parties at the sentencing, and again, Petitioner did not object. (Id. at 3). Finally, the Petitioner's motion does not even argue – much less establish – that, with further opportunity to review and discuss the PSR, Petitioner would have sought or received a different sentence. As a result, the Court finds that Petitioner has failed to show that his counsel acted unreasonably and that Petitioner was prejudiced by his counsel's conduct. Thus, this claim is without merit.

2. **Motion for Free Transcript**

Petitioner also seeks a free copy of his sentencing transcript. (ECF No. 819). However, 28 U.S.C. § 753(f) provides that the Court Reporter is permitted to charge a fee for transcripts in proceedings brought under § 2255 unless: (1) the petitioner is proceeding *in forma pauperis* and (2) the trial or circuit judge certifies that the suit is not frivolous and that the transcript is needed to

decide the matter. Because the Petitioner is not proceeding *in forma pauperis* and because his claims are without merit, the motion should be denied.

## **CONCLUSION**

The Court has carefully considered the filings, record, and relevant law. The Court concludes that the record and authority before it provide no basis for relief. Thus, Petitioner's claims brought pursuant to 28 U.S.C. § 2255, including the additional claims raised in the motion to amend, are **DENIED**. (ECF Nos. 793, 818). The Government's motion for summary judgment (ECF No. 809) is **GRANTED**, and this action is **DISMISSED** with prejudice. In addition, for the reasons already stated, the Petitioner's motion for a free transcript is **DENIED**. (ECF No. 819).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. Pursuant to Rule 11 and 28 U.S.C. § 2253(c)(2), the Court finds that it is not appropriate to grant the Petitioner a certificate of appealability as to the issues he raises. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
Chief United States District Judge

September 2, 2015
Columbia, South Carolina