UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, <br><br> v. <br><br> Jeremy Lee Pratt | Case No. 4:11-cr-00416-TLW <br><br> **Order** |

This matter is before the Court on Defendant Jeremy Lee Pratt's *pro se* motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 1117. For the reasons set forth below, his motion is denied.

## BACKGROUND

On September 14, 2011, Pratt pleaded guilty to conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, 280 grams or more of crack cocaine, 50 kilograms or more of marijuana, and a quantity of MDMA (ecstasy), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. This Court sentenced him to 240 months of imprisonment and 5 years supervised release, which was later reduced to 228 months pursuant to Amendment 782. ECF Nos. 938, 941. BOP records reflect that he is scheduled to be released from custody on March 8, 2028.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

[T]he court, . . . upon motion of the defendant . . . , may reduce the term

1

> of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

2

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) on general concerns related to COVID-19 in his facility as well as changes in the law to stacking provisions enumerated in 18 U.S.C. § 924(c). ECF No. 1117. Defendant also argues generally that the Court should consider difficulties he has faced in participating in BOP rehabilitation programs because of the COVID-19 pandemic. *Id*.

The Government opposes his motion arguing (1) Pratt has failed to identify any "extraordinary and compelling reasons" for a sentence reduction; (2) Pratt still poses a significant danger to the safety of the community; (3) that the § 3553(a) factors strongly disfavor a sentence reduction. ECF No. 1128.

First, the Government cites to the Center for Disease Control's updated list of underlying medical conditions that are at increased risk for severe illness from COVID-19. *Id*. at 11-12. The Government argues "Defendant is not eligible for compassionate release because he has not identified any medical condition on the CDC's list of risk factors, or indeed any chronic medical ailment, nor can the undersigned locate any qualifying condition on the list of Defendant's health problems from the medical records provided by the BOP." *Id*. at 12-13. The Government further argues that "even if Defendant had a qualifying medical

3

condition, Defendant has received the Pfizer vaccine, which similarly precludes eligibility for compassionate release." *Id.*

Second, the Government argues the Defendant's request for a sentence reduction should be denied because "he has failed to demonstrate that he otherwise merits release under the § 3553(a) factors." *Id.* at 13. The Government outlines Defendant's instant offense conduct and his criminal history. *Id.* at 14. The Government then argues that those considerations weigh against release. In particular, the Government points out that "Defendant's offense involved serious conduct – Defendant was involved in an armed drug trafficking conspiracy for approximately an entire decade. Twelve individuals gave statements regarding Defendant's illegal drug activity during this time, seven of which indicated Defendant was armed with a firearm during drug transactions." *Id.* The Government notes that Defendant was held accountable for over 2,000 grams of crack cocaine, and that one individual stated that he witnessed Defendant shoot another individual "three or four times," while another individual recounted that "Defendant had a shootout with a different individual." *Id.* In sum, the Government argues that Defendant's conduct—which involved violence, possession of a firearm, and a significant amount of crack cocaine—weigh against compassionate release.

Defendant filed a reply to the Government's response to his motion for compassionate release in which he "asks the court to find that he has shown 'extraordinary and compelling reasons'" in support of a sentence reduction. ECF No. 1131 at 3. Defendant argues the Government is "simply relying on the BOP's response

4

to the COVID-19 pandemic, while overlooking his 'other reasons' that weigh in favor of the 'extraordinary and compelling reasons' to warrant a reduction in his sentence." *Id*. Defendant states that his "receipt of the vaccine has markedly reduced his risk of severe infection" and admits that his criminal history is "remarkably lengthy and often violent." *Id*. at 6. Defendant points out that his "criminal history is very extensive and shouldn't be taken lightly" and "accepts full responsibility" for his "wrongdoings, the pain he caused his family and his victims." *Id*. at 7. Defendant requests the Court perceive him as a "thoughtful, well-adjusted, calm, sincere, and remorseful thirty-five-year-old man, who appears in control of himself and displays an understanding of his past failures and future values and goals." *Id*. at 8. Further, Defendant argues a reduction of his 228-month sentence to either time-served or 180 months is consistent with the § 3553(a) factors . . . "especially § 3553(a)(2)(A, the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id*. at 16.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, the § 3553(a) factors, and his post-sentencing conduct[1]. In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's

---

[1] The Court has considered in its analysis all of the issues raised in Defendant's filings, including (1) the impact of COVID-19 at his facility; (2) the way that the BOP is managing the pandemic at its facilities; (3) his physical and medical conditions in light of COVID-19; and (4) the percentage of his sentence remaining.

5

reasons for reaching this conclusion include: (1) Defendant's lack of medical conditions and medical records, (2) the seriousness of the instant offense, and (3) his extensive criminal history that involves additional serious conduct.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants a sentence reduction. Defendant cites the impact of COVID-19 on BOP facilities, the negative effect the pandemic has had on the rehabilitation program offerings in BOP, and the stacking provisions enumerated in 18 U.S.C. 924(c) as a basis for release. The Court finds that none of these arguments rise to the level of "extraordinary and compelling." First, the Court notes that (1) Defendant has received the Pfizer vaccine, and (2) his motion for compassionate release, ECF No. 1117, as well as his reply, ECF No. 1131, are both void of any alleged medical condition or medical records. Next, Defendant's argument that changes in the law regarding the stacking provisions of 18 U.S.C. § 924(c) as well as the Supreme Court's holding in *Dean v. United States*, 137 S. Ct. 1170 (2017) (holding that a sentencing judge may consider the mandatory minimum sentence required by a § 924(c) charge when imposing a sentence for its predicate offense) is inapplicable to Defendant's case, as he was neither charged with nor pled guilty to a § 924(c) charge. Rather, Defendant received a two-level enhancement at sentencing pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the course of the drug conspiracy. Therefore, the Court finds that neither Defendant's general health concerns nor his argument that the mere existence of the COVID-19 pandemic rises to the level of "extraordinary and compelling."

Even if Defendant had established an "extraordinary and compelling reason," the Court concludes that Defendant's motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring). In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and the Defendant's criminal history.

Prior to Defendant's federal conviction for conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine, 280 grams or more of cocaine base, 50 kilograms or more of marijuana and a quantity of MDMA, he was convicted of additional serious conduct: (1) felonious restraint in 2003 for which he was sentenced to 12 to 15 months suspended to 36 months supervised probation; (2) elude arrest with motor vehicle for which was sentenced to 4 to 5 months; (3) assault on a government official/employee in 2003 for which he was sentenced to 4 to 5 months; (4) felony possession of cocaine in 2004 for which he was sentenced 6 to 8 months; (5) flee/elude arrest with a motor vehicle, for which he was sentenced to 120 days suspended to 36 months supervised probation; (6) assault on a female in 2007 for which he was sentenced to 1 year supervised probation; (7) possession of crack cocaine and simple possession of marijuana in 2008 for which he was sentenced to 90 days and 30 days, respectively; (8) assault on a female in 2009 for which he was sentenced to 150 days; (9) assault by pointing gun and communicating threats (two instances) in 2009, for which he received 150 days and 120 days, respectively; (10) resisting public officer and flee/elude arrest in 2009, for which he was sentenced to 45 days; (11) possession of less than one-half ounce marijuana in 2009 for which he was sentenced to 45 days suspended to 12

months supervised probation, and (12) resisting public officer in 2010, for which he was sentenced 30 days suspended to 12 months unsupervised probation. PSR ¶¶ 34, 35, 36, 37, 39, 40, 41, 44, 45, 46, 47, 48, 49. The Court takes notice that Defendant also has two prior probation revocations and committed the instant offense while on state probation for several offenses. PSR ¶ 55. The Defendant is in the criminal history category of VI, with 25 criminal history points. PSR ¶ 56. A review of Defendant's criminal history demonstrates his disrespect for the law and his propensity to engage in criminal activity. Defendant has an extensive criminal history for various drug and violent offenses dating back to 2003 at the age of 16. PSR ¶ 34. In light of the Defendant's criminal history, the Court concludes that "the history and characteristics of the defendant" strongly weigh against release.

The Court also concludes that "the nature and circumstances of the offense" weigh heavily against release. The Defendant committed the instant federal offense while on state supervised probation for felonious restraint, hit/run leaving scene with property damage, possession of drug paraphernalia, flee/elude arrest with motor vehicle, assault on a female, possession of less than one-half ounce of marijuana, and driving with license revoked. PSR ¶ 55. The full facts of the instant offense are outlined in Paragraphs 5-28 of the PSR. The Court will not restate all the facts here, but will highlight the more significant details. The PSR states that Defendant participated in an armed drug trafficking conspiracy which distributed powder cocaine, crack cocaine, ecstasy pills, and marijuana in the Chesterfield County area of South Carolina as well as the Anson County area of North Carolina. PSR ¶ 5. Pratt was identified as a mid-level dealer of powder cocaine and crack cocaine in the conspiracy. *Id.* Pratt was arrested on August

8

18, 2010, when he was stopped at a vehicle checkpoint in Wadesboro, North Carolina. PSR ¶ 27. Upon observing an open alcohol container, officers searched the car and located a amounts of cocaine, crack cocaine, and marijuana as well as a .380 caliber pistol in the trunk of the vehicle. *Id*. Pratt was identified through police reports and twelve historical witnesses as a drug trafficker. PSR ¶¶ 7-14. Seven of the twelve historical witnesses indicated Pratt was armed with a firearm during his drug transactions. PSR ¶¶ 8-9, 11, 14, 16-17, 26. As noted earlier, one historical witness stated he was present when Pratt shot another individual three or four times in 2003; another historical witness recounted that Pratt had a shoutout with a different individual. PSR ¶¶ 9, 11. Pratt was held accountable for 2,033.01 grams of crack cocaine. PSR 28.

In sum, Defendant has committed repetitive and serious drug conduct since he was 16 years old. His conduct demonstrates his disrespect for the law and his propensity to engage in criminal conduct. A review of the instant offense and Defendant's criminal history leads the Court to conclude that § 3553(a)(2)—the need for the sentence imposed—weighs against release. Defendant's sentence was and is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant.

As to §§ 3553(a)(3)-(4)—the kinds of sentences available and the sentencing range established for the offense—the Court notes that Defendant was sentenced within the Guideline range. His Guideline range was 235 to 293 months and a mandatory minimum of 10 years. PSR ¶¶ 92-93. As previously noted, Defendant received a two-level

enhancement at sentencing pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the course of the drug conspiracy. The Court sentenced Defendant to 240 months of imprisonment followed by five years of supervised release. ECF No. 568. Defendant subsequently filed an appeal, and the Fourth Circuit Court of Appeals affirmed the Court's judgment. ECF Nos. 575, 721. The Court reduced Defendant's sentence of imprisonment to 228 months pursuant to Amendment 782. ECF Nos. 938, 941. Therefore, the Court concludes that these factors also weigh against release.

As stated above, in light of the violent and serious nature of the instant offense and Defendant's criminal history, the sentence imposed was necessary to reflect the seriousness of the offense and to protect the public from further crimes of Defendant. The Court's § 3553(a) analysis counsels that release is not warranted. The Court concludes it is appropriate to require the Defendant to serve the remainder of the sentence imposed.

In light of the seriousness of the instant offense, and Defendant's criminal history, the Court finds that the 3553(a) factors weigh against release. Accordingly, his compassionate release motion, ECF No. 1117, is **DENIED**. [2] [3]

---

[2] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[3] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including date concurring opinions, and has applied those standards in considering this motion. It has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.

IT IS SO ORDERED.

                                                                  *s/ Terry L. Wooten*
                                                                  Terry L. Wooten
                                                                  Senior United States District Judge

June 1, 2022
Columbia, South Carolina

11